IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SHERRY WASHINGTON, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 22-929-RGA |
| UNITED STATES, et al., | : |
| Defendants. | : |

Sherry Washington, Wilmington, Delaware.  Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 9, 2022
Wilmington, Delaware

/s/ Richard G. Andrews
**ANDREWS, U.S. District Judge:**

Plaintiff Sherry Washington appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 6). She commenced this action on July 12, 2022. (D.I. 2). The Court proceeds to screen the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B).

## BACKGROUND

The following facts are taken from the Complaint and assumed to be true for purposes of screening the Complaint. See *Umland v. PLANCO Fin. Servs., Inc.*, 542 F.3d 59, 64 (3d Cir. 2008). Plaintiff sues a numbers of government defendants and groups of individuals. (D.I. 2 at 3; *see also* D.I. 9-1). The Complaint is basically unintelligible. Plaintiff seeks relief as follows:

> A relief for me and biological ancestor's family in the informative what section stopped not bothered at all, wanting all lifes body styles fundament fundamentals functions chromatic cells chromosome's gene mind brains and all parts to them back over results and happenings propertys and any ownings of their incarcerations and outs the USAs and needing all machinery on earth above way skys unusual abnormals way powering way non maneuvers stopped shut off destroyed, correctly. Non gadgetted To a unreluctance to relocate and indemnitys excuse to the court forgot, dignity prides memorys, sense, attentions – and wanting all the informative what section want all undone and back.

(D.I. 2 at 14).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions). The Court must accept

all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, her pleading is liberally construed and her Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94.

A complaint is not automatically frivolous because it fails to state a claim. *See Dooley v. Wetzel*, 957 F.3d. 366, 374 (3d Cir. 2020). "Rather, a claim is frivolous only where it depends 'on an "indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.'" *Id.*

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend her complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, 574 U.S. 10 (2014). A complaint may not

dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id*. at 11.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

The allegations are basically unintelligible. The Court finds them fantastical and/or delusional and insufficient to withstand the evaluation for frivolity dismissal under § 1915(e)(2)(B)(i). *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (a complaint may be dismissed as lacking a basis in fact if it is premised upon "allegations that are fanciful, 'fantastic,'' and 'delusional[.]'"); *Golden v. Coleman*, 429 F. App'x 73 (3d Cir. 2011). In addition, a federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the Complaint "are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, ... plainly unsubstantial, . . . or no longer open to discussion." *Hagans v. Lavine*, 415 U.S. 528,

3

536–37 (1974) (internal citations and quotation marks omitted).  This is clearly the case here.  The Court's experience and common sense lead it to recognize that the complaint does not state a plausible claim for relief and, therefore, the Complaint will be dismissed.  *See Iqbal*, 556 U.S. at 67.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's request for mediation (D.I. 5); and (2) dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and for lack of subject matter jurisdiction.  Amendment is futile.

An appropriate Order will be entered.